UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA MATUSKY<br>6535 Brockway Sharon Road<br>Burghill, OH 44404 | )<br>)<br>) | CASE NO.<br><br>JUDGE |
| *On behalf of herself and all others similarly situated,* | )<br>)<br>) | <br>**PLAINTIFF'S CLASS AND** |
| Plaintiff, | )<br>)<br>) | **COLLECTIVE ACTION<br>COMPLAINT** |
| v. | )<br>) | (Jury Demand Endorse Herein) |
| AVALON HOLDINGS CORPORATION<br>c/o Statutory Agent Frances R. Klingle<br>One American Way<br>Warren, OH 44484 | )<br>)<br>)<br>)<br>) | |
| and | ) | |
| THE AVALON RESORT AND SPA LLC<br>c/o Statutory Agent Kevin L. Bradford<br>6550 Seville Drive, Suite B<br>Canfield, OH 44406 | )<br>)<br>)<br>)<br>) | |
| and | ) | |
| AVALON GOLF AND COUNTRY<br>CLUB, INC.<br>c/o Statutory Agent Frances R. Klingle<br>One American Way<br>Warren, OH 44484 | )<br>)<br>)<br>)<br>)<br>) | |
| and | ) | |
| AVALON COUNTRY CLUB AT<br>SHARON, INC.<br>c/o Ronald Klingle, President<br>One American Way<br>Warren, OH 44484 | )<br>)<br>)<br>)<br>)<br>) | |
| and | ) | |

|                                      |   |
|--------------------------------------|---|
|                                      | ) |
| RONALD KLINGLE                       | ) |
| One American Way                     | ) |
| Warren, OH 44484                     | ) |
|                                      | ) |
|     Defendants.  | ) |

Plaintiff Jessica Matusky, by and through counsel, for her Class and Collective Action Complaint against Defendants Avalon Holdings Corporation, The Avalon Resort and Spa LLC, Avalon Golf and Country Club, Inc., Avalon Country Club at Sharon, Inc. and Ronald Klingle states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge policies and practices of Avalon Holdings Corporation, The Avalon Resort and Spa LLC, Avalon Golf and Country Club, Inc., Avalon Country Club at Sharon, Inc., and Ronald Kingle (hereinafter "Defendants") that violated the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio and Pennsylvania minimum wage compensation statutes, Ohio Rev. Code Ann. § 4111.03 *et seq.* and 43 P.S. §§ 333.101, *et seq.* Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated" (the "FLSA Collective"). Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually-related claims under the Ohio and Pennsylvania minimum wage compensation statutes (the "Ohio Class" and "Pennsylvania Class").

2

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio and Commonwealth of Pennsylvania because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and/or all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. At all times relevant, Plaintiff Jessica Matusky was a citizen of the United States and a resident of Trumbull County, Ohio.

6. Defendant Avalon Holdings Corporation is an Ohio for-profit corporation with its principal place of business in Trumbull County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant Avalon Holdings Corporation's statutory agent for service of process is Frances R. Klingle, One American Way, Warren, OH 44484.

7. Defendant The Avalon Resort and Spa LLC is an Ohio limited liability company with its principal place of business in Trumbull County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant The Avalon Resort and Spa LLC's statutory agent for service of process is Kevin L. Bradford, 6550 Seville Drive, Suite B, Canfield, OH 44406.

8. Defendant Avalon Golf and Country Club, Inc. is an Ohio for-profit corporation with its principal place of business in Trumbull County, Ohio. According to records maintained

by the Ohio Secretary of State, Defendant Avalon Golf and Country Club, Inc.'s statutory agent for service of process is Frances R. Klingle, One American Way, Warren, OH 44484.

9. Defendant Avalon Country Club at Sharon, Inc. is a Pennsylvania for-profit corporation with its principal place of business in Mercer County, Pennsylvania. According to records maintained by the Pennsylvania Department of State, Defendant Avalon Country Club at Sharon, Inc.'s President is Ronald Klingle, One American Way, Warren, OH 44484.

10. Defendant Ronald Klingle is the President of Avalon Country Club at Sharon, Inc.[1], and upon information and belief, a member of Defendants Avalon Holdings Corporation, The Avalon Resort and Spa LLC, and Avalon Golf and Country Club, Inc. Upon information and belief, Ronald Klingle exercised daily operational control over each Defendant's business operations, including decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and issuing payroll to employees.

## FACTUAL ALLEGATIONS

### Defendants' Business

11. Defendants are engaged in a multitude of business endeavors in the entertainment, recreational, restaurant and hospitality industries and in the performance of related types of activities, including a year-round country club, banquet facilities, and an inn and resort.[2] Among other business endeavors, Defendants operate three golf courses, twelve restaurants, fitness centers, swimming pools, a tennis academy, indoor and outdoor tennis courts, banquet facilities

---

[1] *See* https://www.corporations.pa.gov/search/corpsearch (accessed July 18, 2017).
[2] http://avaloninnandresort.com/index.asp (accessed June 26, 2017).

4

and meeting rooms,[3] an indoor golf center, driving range, golf shops, cigar shop, and a salon and spa.[4]

## Defendants' Statuses as Employers

12. At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), Ohio Const. Article II, Section 34a., O.R.C. Chapter 4111, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq*., and employed hourly employees, including Plaintiff.

13. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

14. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

16. Defendants were joint employers of Plaintiff pursuant to the FLSA and Ohio and Pennsylvania law as Plaintiff was employed jointly by Defendants; Plaintiff's work simultaneously benefited each Defendant; each Defendant acted directly and/or indirectly in the interest of each other Defendant in relation to the Plaintiff; there was an arrangement between the Defendants to share the Plaintiff's services; and/or each Defendant was not completely disassociated with respect to the employment of Plaintiff, including that Defendants shared control of Plaintiff. *See* 29 C.F.R. 791.2.

17. Defendant Ronald Klingle is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Defendants

---

[3] http://avaloninnandresort.com/resortmembershippage.asp (accessed June 26, 2017).
[4] http://www.avalonresortandspa.com/membenefitsnew.htm (accessed June 26, 2017).

Avalon Holdings Corporation, The Avalon Resort and Spa LLC, Avalon Golf and Country Club, Inc., and Avalon Country Club at Sharon, Inc., "in relation to employees," including Plaintiff. Defendant Ronald Klingle is also an employer pursuant to O.R.C. Chapter 4111, 43 P.S. § 333.101, *et seq.*, and had operational control over significant aspects of Defendants Avalon Holdings Corporation's, The Avalon Resort and Spa LLC's, Avalon Golf and Country Club, Inc.'s, Avalon Country Club at Sharon, Inc.'s day-to-day functions, including compensation of employees.

18. Defendants operate as a single enterprise within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of Avalon properties in Ohio and Pennsylvania. Defendants are engaged in related activities; share employees between business locations; share common management between business locations; share common human resources and payroll services; provide the same array of products and services to their customers; constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system which is an economic unit directed to the accomplishment of a common business purpose; represent themselves to the general public as a single entity – Avalon – operating at multiple locations; and provide the same service product to customers by using a set formula when conducting business.

19. Part of that set formula is the deprivation of minimum wage to their employees as described in this complaint.

**Defendants' Failure to Pay Minimum Wage**

20. Plaintiff Matusky was employed by Defendants from about October 2014 to April 2017.

21. Defendants employed Plaintiff at several locations in Warren, Ohio and Sharon, Pennsylvania to perform various non-managerial and non-administrative positions including as a banquet server, busser, hostess and bartender.

22. Plaintiff, the FLSA Collective, Ohio Class and Pennsylvania Class were classified by Defendants as non-exempt employees and paid on an hourly basis.

23. At all times relevant, Plaintiff, the FLSA Collective, Ohio Class and Pennsylvania Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq.*, and "employes" within the meaning of 43 P.S. § 333.101 *et seq.* (the Pennsylvania Consolidated Statutes use the term *employe* in lieu of the FLSA's use of the term *employee*).

24. At all times relevant, Plaintiff, the FLSA Collective, Ohio Class and Pennsylvania Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

25. Defendants paid Plaintiff multiple hourly rates ranging from $0.70 to $8.15 per hour. During Plaintiff's employment, Defendants compensated Plaintiff, the FLSA Collective, Ohio Class and Pennsylvania Class as tipped employees and paid Plaintiff, the FLSA Collective, Ohio Class and Pennsylvania Class less than the minimum hourly wage and took a "tip credit" against their minimum wage obligations.

26. Ohio law provides the following requirements for Ohio's minimum wage tip credit: "[a]n employer may pay an employee less than, but not less than half, the minimum wage

rate required by this section if the employer is able to demonstrate that the employee receives tips that combined with the wages paid by the employer are equal to or greater than the minimum wage rate for all hours worked." Ohio Const. Article II, Section 34a.

27. Pennsylvania law provides that "[t]he minimum wage credit for tipped employees is $2.83 per hour under section 3(d) of the act (43 P.S. § 333.103(d)) with all of the following conditions: (1) An employer shall pay the difference when the employee's tips plus the credit for tipped employees does not meet the Pennsylvania minimum wage …" 34 Pa. Code § 231.101.

28. Plaintiff, the FLSA Collective, Ohio Class and Pennsylvania Class were regularly not paid at least the federal minimum wage in tips combined with the wages paid by Defendants, which has been $7.25 per hour during all times relevant, the Ohio minimum wage, which was $7.95 in 2014, $8.10 in 2015, $8.10 in 2016, and $8.15 in 2017, or the Pennsylvania minimum wage of $7.25. The FLSA incorporates state minimum wage laws when they include a higher minimum wage than the FLSA. 29 U.S.C. § 206.

**Defendants' Impermissible Tip Credit Practices**

29. Though the FLSA permits employers to take a tip credit against their minimum wage obligations for employees who customarily and regularly receive tips, Defendants were prohibited from taking a tip credit when they required their tipped employees to perform related but non-tipped work exceeding 20 percent of their employees' time worked during a workweek.

30. Defendants regularly required Plaintiff, the FLSA Collective, Ohio Class and Pennsylvania Class to perform non-tipped duties related to their tipped occupations, including but not limited to workplace maintenance tasks such as brewing tea, brewing coffee, wiping down tables, busing tables, stocking ice, and restocking stations. Plaintiff's, the FLSA Collective's, Ohio Class's and Pennsylvania Class's performance of non-tipped work that,

although related to the employees' tipped occupation, exceeded 20 percent of the employees' time worked during a workweek.

31. Additionally, Defendants regularly and frequently required Plaintiff, the FLSA Collective, Ohio Class and Pennsylvania Class to perform non-tipped duties unrelated to their tipped occupations ("dual jobs"), including but not limited to taking out trash, installing and deinstalling decorations, doing laundry, scrubbing walls, sweeping, mopping, vacuuming, washing dishes, setting up and taking down tables and chairs, and cleaning and restocking restrooms.

32. Defendants' utilization of the tip credit provisions of the FLSA and Ohio and Pennsylvania law for employees when (a) performing related but non-tipped work exceeding 20 percent of the employees' weekly time worked, and (b) performing non-related, non-tipped work during a workweek, violated the FLSA, 29 U.S.C. § 203(m). *See* 29 CFR § 531.56.

33. As a result of Defendants' misclassification of tipped employees practice and policy, Plaintiff, the FLSA Collective, Ohio Class and Pennsylvania Class are entitled to receive the non-tipped employees minimum wage plus tips for every hour of work that they performed for Defendants.

### Defendants' Impermissible Tip Pooling / Sharing Practices

34. Plaintiff, the FLSA Collective, Ohio Class and Pennsylvania Class were required by Defendants to share their tips with managers and/or other non-tipped employees.

35. Defendants were prohibited from taking a tip credit when they withheld portions of tipped employees' tips and distributed tips to customarily non-tipped employees including managers and/or other non-tipped employees. 29 CFR § 531.59.

36. Retaining tips for to pay hourly wages of other employees who do not customarily and regularly receive tips does not constitute a valid tip sharing or pooling under the Department of Labor's regulations and federal and state law. *See id.*

37. As a result of the impermissible tip pooling policies or practices, Plaintiff, the FLSA Collective, Ohio Class and Pennsylvania Class were regularly paid less than the Ohio, Pennsylvania and federal minimum wage. *See* 29 CFR § 531.54.

38. As a result of Defendants' unlawful tip sharing and pooling policies or practices, Plaintiff, the FLSA Collective, Ohio Class and Pennsylvania Class are entitled to receive the non-tipped employees minimum wage plus tips for every hour of work that they performed for Defendants.

## Defendants' Failure to Provide Tip-Credit Notice

39. The FLSA required Defendants to inform their tipped employees of the provisions of the tip-credit subsections of the FLSA, Ohio and Pennsylvania law. 29 U.S.C. § 203(m)(2), O.R.C. § 4111.14(B) (incorporating FLSA standards), 43 P.S. § 231.34.

40. Defendants also failed to comply with 43 P.S. § 231.34 insofar as they failed to notify their employees in writing whenever the tip credit claimed by Defendants changed, and failed to notify employees in writing of the hours worked where the tipped employees did not receive tips.

41. Defendants were prohibited from taking a tip credit when they failed to inform their tipped employees of the provisions of the tip-credit subsection of the FLSA.

42. Defendants violated the FLSA by paying their employees subminimum wages without informing them of the tip-credit provisions of the FLSA.

43. As a result of Defendants' failure to provide tip-credit notice, Plaintiff, the FLSA Collective, Ohio Class and Pennsylvania Class are entitled to receive the non-tipped employees minimum wage plus tips for every hour of work that they performed for Defendants.

### Defendants' Failure to Keep Wage Records

44. The FLSA and Ohio and Pennsylvania law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. Art. II, § 34a; 34 Pa. Code § 231.34. For example, Ohio law provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a. 34 Pa. Code § 231.34 also requires employers to maintain payroll records that contain the following information:

(1) A symbol or letter placed on the pay records identifying each employee whose wage is determined in part by tips.

(2) Weekly or monthly amount reported by the employee, to the employer, of tips received. This may consist of reports made by the employees to the employer on IRS Form 4070.

(3) Amount by which the wages of each tipped employee have been deemed to be increased by tips, as determined by the employer, not in excess of 45% of the applicable statutory minimum wage until January 1, 1980 and thereafter 40% of the applicable statutory minimum wage. The amount per hour which the employer takes as a tip credit shall be reported to the employee in writing each time it is changed from the amount per hour taken in the preceding week. An

11

employee failing or refusing to report to the employer the amount of tips received in any workweek shall not be permitted to show that the tips received were less than the amount determined by the employer in the workweek.

(4) Hours worked each workday in any occupation in which the tipped employee does not receive tips and total daily or weekly straight-time payment made by the employer for such hours.

(5) Hours worked each workday in occupations in which the employee received tips and total daily or weekly straight-time earnings for the hours.

45. Defendants failed to keep accurate records of hours worked or tips received. Thus, Defendants did not record or pay all hours worked in violation of the FLSA and Ohio and Pennsylvania Law.

46. The above payroll practices resulted in minimum wage violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. Chapter 4111, and 43 P.S. § 333.101, *et seq*. Defendants paid Plaintiff, the FLSA Collective, Ohio Class and Pennsylvania Class a sub-minimum wage, ostensibly in accordance with the tip-credit provisions of the FLSA, which allows employers to pay less than the statutory minimum wage provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m). However, Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail themselves of the tip-credit provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

49. The FLSA Collective consists of:

> All present and former hourly tipped employees of Defendants during the period of three years preceding the commencement of this action to the present.

50. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay minimum wage for all hours worked, and all have the same claims against Defendants for unpaid minimum wage, as well as for liquidated damages, attorneys' fees, and costs.

51. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

52. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 120 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio and Pennsylvania law.

## CLASS ACTION ALLEGATIONS

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly tipped employees of Defendants during the period of three years preceding the commencement of this action to the present.

55. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 120 persons. The number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. § 215.2; Ohio Const. Art. II, § 34a.

56. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the Commonwealth of Pennsylvania (the "Pennsylvania Class"), defined as:

> All present and former hourly tipped employees of Defendants during the period of three years preceding the commencement of this action to the present.

57. The Pennsylvania Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 120 persons. The number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained,

and were required to maintain, pursuant to the FLSA and Pennsylvania law.  29 U.S.C. § 211(c); 29 C.F.R. § 215.2; 34 Pa. Code § 231.34.

58. There are questions of law or fact common to the Ohio and Pennsylvania Classes, respectively, including but not limited to:

> Whether Defendants' conduct as described above violates Ohio/ Pennsylvania law governing payment of minimum wages;
>
> Whether Defendants denied hourly employees minimum wage by, among other things, taking a tip credit from non-tipped employees;
>
> Whether Defendants denied tipped hourly employees minimum wages where, among other things, tipped hourly employees performed non-tipped, non-tip-related duties and non-tipped, tipped-related duties in excess of 20 percent of their overall duties; and
>
> Whether Defendants' conduct violates the Ohio Minimum Fair Wage Standards Act/Pennsylvania Minimum Wage Act.

59. Plaintiff's claims are typical of the claims of other members of the Ohio Class and Pennsylvania Class.  Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

60. Plaintiff will fairly and adequately protect the interests of the Ohio Class and Pennsylvania Class.  Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class and Pennsylvania Class in this case.

61. The questions of law or fact that are common to the Ohio Class and Pennsylvania Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

62. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## **COUNT ONE**
### **(FLSA Minimum Wage Violations – FLSA Collective)**

63. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

64. The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. 29 U.S.C. § 206.

65. Defendants failed to comply with the requirements of 29 U.S.C. § 206, by paying employees less than the applicable Ohio minimum wage and Pennsylvania minimum wage rates. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff's and the FLSA Collective's minimum wages as required by federal law. 29 U.S.C. §§ 203(m), 206.

66. Defendants' unlawful conduct directly and proximately caused Plaintiff and the FLSA Collective to suffer damages for which they are entitled to judgment.

67. Defendants' violations have been willful and/or in reckless disregard of Plaintiff's and the FLSA Collective's rights, and entitle Plaintiff and the FLSA Collective to liquidated and/or punitive damages.

## COUNT TWO
**(Ohio Minimum Wage Violations – Ohio Class)**

68. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

69. The OMFWA requires that employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. Art. II, Sec. 34a of the Ohio Constitution.

70. Based on the improper practices described herein, Defendants failed to comply with the requirements of Ohio law, by paying employees less than the applicable minimum wage rate. Art. II, Sec. 34a, Ohio Constitution.

71. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of Art. II, Sec. 34a of the Ohio Constitution, including refusing and/or failing to calculate and pay Plaintiff's, the FLSA Collective's, and the Ohio Class's minimum wages as required by Ohio law.

72. Defendants' unlawful conduct directly and proximately caused Plaintiff, the FLSA Collective, and the Ohio Class to suffer damages for which they are entitled to judgment.

73. Plaintiff, the FLSA Collective, and the Ohio Class are entitled to triple damages for Defendants' minimum wage violations pursuant to Ohio law. Art. II, Sec. 34a, Ohio Constitution.

## COUNT THREE
### (Pennsylvania Minimum Wage Violations – Pennsylvania Class)

74. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

75. The Pennsylvania Minimum Wage Act requires that employees receive a minimum hourly wage for all work their employers suffer or permit them to work. 43 P.S. § 333.103(f).

76. Based on the improper practices described herein, Defendants failed to comply with the requirements of the Pennsylvania Minimum Wage Act, by paying employees less than the applicable minimum wage rate.

77. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the Pennsylvania Minimum Wage Act, including refusing and/or failing to calculate and pay Plaintiff's, the FLSA Collective's, and the Pennsylvania Class's minimum wages as required by Pennsylvania law.

78. Defendants' unlawful conduct directly and proximately caused Plaintiff, the FLSA Collective, and the Pennsylvania Class to suffer damages for which they are entitled to judgment.

79. Due to the Defendants' violations, Plaintiff, the FLSA Collective, and the Pennsylvania Class, are entitled to recover from Defendants the amount of unpaid minimum wages, attorneys' fees and costs. 43 P.S. § 333.113.

80. In addition, pursuant to the Pennsylvania Wage Payment Collection Law, 43 P.S. § 260.1 *et seq.*, Plaintiff and the members of the Pennsylvania Class were entitled to receive all compensation due and owing to them on their regular payday, and as a result of Defendants' unlawful policies, Plaintiff and the members of the Pennsylvania Class have been deprived of

compensation due and owing. Plaintiff, on behalf of herself and the members of the Pennsylvania Class, are entitled to recover from Defendants the amount of unpaid compensation, and an additional amount of 25% of the unpaid compensation as liquidated damages.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class and Pennsylvania Class;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class and Pennsylvania Class;

D. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid minimum wages, as well as statutory damages in an amount equal to twice the unpaid minimum wages under Ohio Law and an additional 25% of the unpaid compensation as liquidated damages under Pennsylvania Law; and

E. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 E. Huron Rd., Suite 490
Cleveland, OH 44115
Tel. (440) 498-9100
Fax (216) 350-6313
jscott@ohiowagewlawyers.com
rwinters@ohiowagelawyers.com

*Attorneys for Plaintiff*

## **<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ *Kevin M. McDermott II*
Kevin M. McDermott II (0090455)
