IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JESSICA MATUSKY, | ) CASE NO. 4:17-cv-01535 |
| Plaintiff, | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| AVALON HOLDINGS CORPORATION, et al, | ) |
| Defendants. | ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE

### I. INTRODUCTION

Defendants Avalon Holdings Corporation, The Avalon Resort and Spa, LLC, Avalon Golf and Country Club, Inc., Avalon Country Club at Sharon, Inc., and Ronald Klingle (collectively referred to herein as "Avalon") hereby opposes Plaintiffs Motion for Collective Action Certification. Plaintiffs' motion fails because Plaintiffs do not have a viable Fair Labor Standards Act ("FLSA") claim against Avalon as shown in Avalon's motion for summary judgment, which is being filed contemporaneously with this opposition.

Plaintiffs' motion for conditional certification should also be denied because Plaintiffs have failed to carry their burden for establishing conditional certification. Plaintiffs seek to conditionally certify a class of Avalon's banquet employees. Plaintiffs claim that Avalon has violated the FLSA by failing to pay minimum wage for non-tipped work performed before and after the banquets or parties on the day of the event. As a result, Plaintiffs must demonstrate that they are "similarly situated" to the putative plaintiffs and that they are all victims of a

common policy or plan by Defendant that violates the FLSA to warrant conditional certification. Plaintiffs' certification motion focuses on whether they can prove that Avalon's banquet employees were required to work both before and after a scheduled event.

Plaintiffs submit their own declarations in support of this motion. This, however, is insufficient to meet their burden because Plaintiffs' evidence fails to make any showing that the class of banquet employees they seek to represent are similarly situated because Plaintiffs' evidence does not show how these other employees clocked in before and after on the day of a scheduled event, how much non-tipped work they performed before and after an event, and how they were paid for that work. Additionally, Plaintiffs' declarations are contradicted by their prior deposition testimony. Therefore, Plaintiffs' motion for conditional certification should be denied.

If the Court does grant conditional certification, which it should not, Plaintiffs' class should not include banquet employees at Avalon's Pennsylvania location. Plaintiffs have little to no knowledge as to how these employees work or how they are paid and cannot be representative of these employees in a collective action.

## II. FACTUAL BACKGROUND

### A. Avalon's Business and Scheduling of Banquet Employees.

Defendant Avalon Holdings Corporation owns and operates 12 restaurants and 26 banquet rooms within four different locations, including Defendants The Avalon Resort and Spa, LLC, Avalon Golf and Country Club, Inc., and Avalon Country Club at Sharon, Inc.. (Declaration of Ron Klingle (ECF Docket No. 39-1), ¶ 3). To provide banquet service to its customers, Avalon employs banquet servers, bussers, and bartenders to prepare the room for the event, serve the party host's guests during the event, and tear down the room after the

event.  (Id. at ¶ 25).  These employees are typically scheduled to work two hours prior to the start of an event until a little after the event.  (Id. at ¶ 26).  After the event, the party host pays for the event and oftentimes includes a tip on the final bill.  (Deposition of Jessica Matusky ("Matusky Dep.") (ECF Docket No. 27-1), pgs. 58-59; Deposition of John Stahl ("Stahl Dep.") (ECF Docket No. 27-2)., pgs. 58-60).  This tip would then be divided among the banquet employees who worked the event, including the banquet servers and bartenders.  (Matusky Dep., pgs. 58-59, Stahl Dep., pgs. 58-60).

To keep track of its employees' hours, Avalon used a time-clock system it developed in-house.  (Klingle Dec., ¶ 27).  This time-clock system allowed an employee to clock-in and out under different categories of work.  (Id. at ¶ 28).  Those different categories determine the wage rate the employee would receive for the hours worked.  (Id.).  Relevant to this case, the time-clock included categories for banquet server, banquet busser, banquet bartender, and set-up.  (Id. at ¶ 29).  If an employee clocked in as a banquet server or busser, they received a wage rate of $6.50 an hour.  (Id. at ¶ 30).  For employees clocked in under banquet bartender, they received a wage rate of $4.05 or $4.08 per hour depending on the applicable Ohio minimum wage rate at that time.  (Id.).  Finally, if the employee clocked in under set-up, they would receive at least the applicable minimum wage rate.  (Id.)

B. **Plaintiffs' Employment as Banquet Employees.**

Plaintiffs Jessica Matusky, John Stahl and Zachary Kerr were all hired by Defendant Avalon Holdings Corporation to work in tipped occupations for which Avalon took a tip credit on their wages.  (Matuksy Dep., pgs. 8-9; Stahl Dep., pgs. 9-11, 15-17; Deposition of Zachary Kerr ("Kerr Dep.") (ECF Docket No. 27-3), pgs. 11-13). Matusky was hired to work as a banquet server and a banquet bartender.  (Matusky Dep., pgs. 8-9).  Stahl was hired to work as

a banquet busser, which was essentially a male banquet server.[1] (Stahl Dep., pg. 11). Kerr was hired to work as banquet bartender. (Kerr Dep., pgs. 16-18).

During the period covered by this litigation, all three Plaintiffs made at or above the minimum wage in every workweek they worked for Avalon. (Klingle Dec., ¶ 33). Each Plaintiff performed work for which they were paid at a tipped rate where Avalon took a tip credit and other work for which they were paid at least the minimum wage. (Id. at ¶ 34). In the case of Matusky, her average hourly rate was $11.44 and that rate increased to $12.94 per hour when factoring in only her tipped work. (Id. at ¶ 35). Similarly, Stahl's average hourly rate was $11.06 and that rate increased to $12.28 per hour when factoring in only his tipped work. (Id. at ¶ 36). And, in the case of Kerr, his average hourly rate was $12.80 and that rate increased to $15.87 when factoring in only his tipped work. (Id. at ¶ 37).

C. **Plaintiffs' Collective Action Allegation and Discovery Efforts.**

On July 21, 2017, Matusky filed a Class and Collective Action Complaint (ECF Docket No. 1) against Avalon alleging violation of the FLSA and similar Ohio and Pennsylvania laws. Specifically, the Complaint alleged that Avalon failed to pay Matusky the minimum wage; failed to provide notice it was taking a tip credit on Matusky's wages; required Matusky to perform non-tipped work for less than minimum wage; engaged in impermissible tip pooling by distributing tips to managers and other non-tipped employees; and failed to keep proper wage records.

After the Complaint was filed and the parties conferred with the Court, the parties participated in four months of discovery. During this time, Plaintiffs served fourteen

---

[1] Throughout their depositions, Plaintiffs made no distinction between banquet servers and banquet bussers with the exception that banquet servers are female and banquet bussers are male. Avalon will use the term "banquet servers" to refer to the tipped occupations of banquet servers and banquet bussers throughout this brief.

4

interrogatories and forty-two requests for production. Avalon, in turn, produced 7,378 pages of documents. Further, Avalon provided a corporate representative for a deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

Upon the completion of discovery, Plaintiffs filed an Amended Collective Action Complaint (ECF Docket No. 31-1). The Amended Complaint added Kerr and Stahl as plaintiffs; limited the action to a collective action; and limited the FLSA violation to Avalon requiring plaintiffs to perform non-tipped duties for less than minimum wage. Plaintiffs allege that Avalon required them to perform non-tipped duties that were related to their tipped occupations for more than 20% of their workweek. According to Plaintiffs, Avalon's violation resulted in them making less than minimum wage for all hours worked, in Avalon failing to pay them the proper amount for overtime, and in Avalon failing to keep proper records. All of Plaintiffs' claims are based on this distinction between tipped and non-tipped work.

On February 16, 2018, Plaintiffs filed a motion for conditional certification of a collective action. In their motion, Plaintiffs seeks to certify a class of:

> All present and former hourly banquet employees of Defendants during the period of three years preceding the commencement of this action to the present for whom Defendants took a tip credit.

(Amended Collective Action Complaint, ¶ 43). In their motion, Plaintiffs allege that other Avalon banquet employees were required to perform substantial amounts of non-tipped work at a tipped rate. In support, Plaintiffs filed their own declarations.

Plaintiffs' motion for conditional certification of their proposed collective action class should be denied. First, Plaintiffs themselves do not have a viable claim because Avalon is entitled to summary judgment on their claims as shown in Avalon's motion for summary judgment, which is being filed contemporaneously with this opposition. Second, Plaintiffs have failed to meet their burden of providing some factual evidence that other banquet

5

employees are similarly situated to be entitled to conditional certification. Therefore, Plaintiffs' motion for conditional certification should be denied.

### III. LAW AND ANALYSIS

Courts generally have discretion to conditionally certify a collective action for purposes of providing notice, but only "in appropriate cases." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). It is Plaintiffs' burden to prove their entitlement to conditional certification under the FLSA. To determine whether a case should be conditionally certified, Plaintiffs must show that they are "in fact, similarly situated" to the employees to whom they seek to send notification of the action. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006). Plaintiff's burden is to demonstrate some factual nexus that is more than mere allegations to warrant this conditional certification. *Cox. v. Entm't U.S.A. of Cleveland, Inc.*, No. 1:13-cv-2656, 2014 WL 4302535, at *1 (N.D. Ohio Aug. 29, 2014).

While a plaintiff's burden at this stage in the certification process is generally lenient, when a plaintiff has had a chance to conduct discovery before requesting conditional certification of the collective action, most courts, including this Court, have held the plaintiff to a higher standard of proof known as a "modest plus factual showing." *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 823-27 (N.D. Ohio 2011) (citing cases). Under this standard, the plaintiff is required to provide some evidence beyond the complaint's general allegations and supporting affidavits. *Id.* Specifically,

> In order to provide some measurable standard by which to judge if Plaintiffs have made a sufficient modest "plus" factual showing, and to prevent the absurd result of granting the parties time to do discovery on the conditional certification question but subsequently imposing no incremental hurdle in determining whether Plaintiffs may send opt-in notices, this Court will compare Plaintiffs' allegations set forth in their Complaint with the factual record through discovery to determine whether Plaintiffs have made sufficient showing beyond their original allegations that would tend to make it more likely that a

6

> class of similarly situated employees exists. In other words, the Court will review whether Plaintiffs have advanced the ball down the field – showing that it is more likely that a group of similarly situated individuals may be uncovered by soliciting opt-in plaintiffs. And, because the Court will continue to use a lenient standard, Plaintiffs need not have moved the ball far down the field, but the need to have shown some progress as a result of the discovery as measured against the original allegations and defenses.

*Id.* at 827. Conditional certification should be denied where there is a lack of evidence to support a classwide claim. *See Landsberg v. Acton Enterprises, Inc.*, No. 2:05-CV-0500, 2006 WL 745178 (S.D. Ohio March 22, 2006), aff'd, No. C2-05-500, 2006 WL 3742221 (S.D. Ohio Dec. 15, 2006) (holding that the affidavits of plaintiff and one other employee claiming denial of overtime and asserting it was "highly unlikely" defendant would pay other employees differently insufficient to warrant conditional certification; *Trinh v. JP Morgan Chase & Co.*, No. 07-CV-1666 W (WMC), 2008 WL 1860161, (S.D. Cal. Apr. 22, 2008) (denying conditional certification after concluding that the plaintiffs provided no evidence beyond speculative belief that all loan officers were similarly situated).

Here, Plaintiffs have had a substantial period of time to conduct discovery and have served written discovery and taken the deposition of an Avalon corporate representative. To obtain conditional certification of their collective action, Plaintiffs must now provide some evidence, beyond the complaint and their own declarations, that other banquet employees are similarly situated. Plaintiffs fail to meet the required "modest plus factual showing" because (1) they do not have a viable FLSA claim and, as a result, cannot be representative of a collective action; (2) they have provided no evidence that they are similarly situated to Avalon's other banquet employees; and (3) their own testimony shows that there are too many disparate factual scenarios for the Plaintiffs and other banquet employees to be similarly situated. Finally, even if Plaintiffs are entitled to conditional certification, the certification should not extend to employees of Avalon's Pennsylvania banquet facility because those

7

employees are not similarly situated to Plaintiffs. For these reasons, Plaintiffs motion for conditional certification should be denied.

### A. **<u>Plaintiffs Do Not Have a Viable FLSA Claim.</u>**

To obtain conditional certification of a collective action, Plaintiffs bear the burden of showing that they are similarly situated with the class they seek to represent on violations of the FLSA. To do so, Plaintiffs must necessarily have a valid FLSA claim. Without a viable claim, they cannot represent others on allegations that they were similarly situated. *See White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877-878 (6th Cir. 2012) (affirming the decertification of a collective action after the district court properly dismissed the lead plaintiff's claim).

Here, Plaintiffs do not have a viable FLSA claim because Avalon is entitled to summary judgment on all of Plaintiffs' claims under the FLSA. Avalon is filing a motion for summary judgment contemporaneously with this opposition and incorporates its motion by reference herein. To summarize, however, Plaintiff's FLSA claims are based on their allegations that Avalon improperly takes a tip credit the day of an event for work they perform before and after the banquet or party. They assert that, during those times, the duties they perform are non-tipped duties and that work takes up more than 20% of their workweek. Plaintiffs' claims fail because, in the banquet setting, all of the duties of a banquet server and bartender are tipped duties. This is evidenced by the fact that Avalon charges for the work Plaintiffs perform before and after the event back to the customer and the customer provides a tip on top of the charge. Additionally, Plaintiffs admit that these alleged non-tipped duties directly affect the amount of tip they receive for the event and are tipped duties when they are performed during the event. Because Avalon is entitled to summary judgment on these claims,

Plaintiffs' claims should be dismissed and are not viable under the FLSA. Therefore, Plaintiffs cannot represent a collective action of others similarly situated and their motion for conditional certification should be denied.

### B. Plaintiffs Have Failed to Provide Any Evidence that Other Banquet Employees are Similarly Situated.

In determining whether a plaintiff has met its burden in submitting sufficient factual support to prove that it is similarly situated to the proposed class, courts have routinely rejected bald assertions that other employees were in the same situation. *See Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1046 (N.D. Ill. 2003) (holding that unsupported allegations does not satisfy "modest factual showing" standard); *Haynes v. Singer Co., Inc.,* 696 F.2d 884, 887 (11th Cir. 1983) (affirming denial of conditional certification where only evidence was "unsupported assertions that FLSA violations were widespread and that additional plaintiffs would come from other stores.")

#### 1. Plaintiffs' Self-Serving Declarations are Insufficient Evidence.

Plaintiffs failed to submit any evidence, beyond their own self-serving affidavits, to prove that they are similarly situated to the other members in their proposed class. Plaintiffs allege incorrectly that Avalon's use of a tip credit for time spent performing alleged non-tipped tasks is improper under the FLSA. These alleged non-tipped tasks occurred the day of the event before and after the banquet or party. To prove that other banquet employees were required to perform similar amounts of non-tipped work and that Avalon took a tip credit for this time, Plaintiffs submitted only their own declarations that other employees were required to work similar amounts of non-tipped work and that Avalon took a tip credit for this time. While this may show that other employees were scheduled to work before and after an event, it does not show that they (1) were doing non-tipped tasks during that time, (2) had clocked in

9

under a tipped occupation, or (3) were paid a tipped wage for the work. As such, their declarations are insufficient evidence that the employees they are seeking to represent are similarly situated.

### 2. Plaintiffs' Declarations Contradict Their Deposition Testimony.

In her declaration, Matusky claims that (1) "myself and other servers typically arrived at work two hours prior to the event starting" and performed non-tipped tasks, (2) "myself and other servers typically spent two to four additional hours" performing non-tipped work after the event, and (3) "other banquet employees and I were instructed to not clock in as set-up to perform these pre- and post-event duties by Avalon management." (Declaration of Jessica Matusky (ECF Docket No. 29-1), ¶¶ 5, 8). Matusky made these same representations regarding herself and other banquet bartenders. (Id. at ¶ 6). Matusky's bald assertions in her declaration are not proper evidence. *See Flores*, *supra*; *Haynes*, *supra*. Additionally, Matusky's prior deposition testimony contradicts her declaration statements that set forth her alleged knowledge of the work other banquet employees performed, how other banquet employees clocked in, and how other banquet employees were paid. Specifically, when asked whether "all servers do the same amount of untipped related work while clocked in under a tipped occupation," Matusky responded that "I can't answer for other people." (Matusky Dep., pg. 115.) When she was asked the same question with respect to bartenders and bussers, she likewise stated that she can't answer for the other employees and further questioned "how do I know what other people were told to do?" (Id. at pg. 116.)

With respect to how she clocked in, Matusky's testimony was that it depended on permission from the manager in charge at the time. When she was asked whether she could switch between tipped and non-tipped tasks on the time clock, Matusky responded that she

10

could "when she was allowed to," but she had to ask permission first. (Id. at pg. 89). Matusky testified also that she could not know what other employees received as pay or how the tips were distributed at the end of the night because she was "not the one that did the payroll." (Matusky Dep., pg. 119). Despite this testimony, Matusky seems to have suddenly gained this requisite knowledge and can now affirmatively state in her declaration, less than one week later, that other employees worked a similar amount of non-tipped work when clocked in under a tipped task and received a similar amount of pay for that work. There is no way to reconcile Matusky's deposition testimony and the statements in her declaration. As a result, the Court should disregard her declaration altogether.

In the case of Stahl, he stated in his declaration that "I and other banquet employees were instructed to not clock in as set-up" to perform work prior to and after an event. (Declaration of John Stahl (ECF Docket No. 29-5), ¶ 9). This is contrary to his deposition. When he was asked who instructed him not to punch in as set-up prior to an event during his deposition, Stahl responded that "[i]t was never -- it was always something that was communicated to us that was kind of up in the air. Some days, it was okay. Some days, it was wrong; don't do it." (Stahl Dep., pgs. 40-41). Later, he testified that he was never specifically told not to punch-in as set-up for that time, but he knew it was the manager's opinion that he should not clock in that way. (Id., pgs. 41, 52-53). Again there is no way to reconcile Stahl's declaration with his prior deposition testimony and his declaration should be disregarded with respect to Plaintiffs' motion for conditional certification.

Finally, with respect to Kerr, his allegations are limited to the amount he was paid in overtime. Kerr worked overtime twice during the relevant period. (Klingle Dec., ¶ 45) Kerr claims that Avalon improperly took a tip credit for work he performed during overtime hours

11

because that work involved non-tipped duties. In his declaration, he states that "tipped employees like myself are paid only a reduced overtime wage corresponding to the underlying tip deduction when working more than 40 hours in a single workweek." (Declaration of Zachary Kerr (ECF Docket No. 29-16), ¶ 9). There is no evidence, however, that the class, as a whole, worked overtime or is similarly situated in that their overtime involved non-tipped duties. In fact, Matusky never worked overtime during her employment with Avalon. (Klingle Dec., ¶ 45).

In summary, Plaintiffs' motion for conditional certification focuses on showing that they can prove how much time banquet employees spent working before and after the start of the event. The motion, however, is missing critical evidence to prove that other banquet employees are similarly situated with respect to their alleged FLSA violations. For example, Plaintiffs have failed to set forth any evidence that other banquet employees worked similar amounts of non-tipped duties, were required to and did clock in under a tipped occupation for this work, and were paid a tipped minimum wage for this work. As a result, Plaintiffs have failed to "move the ball further down the field" to meet their "modest plus factual showing" burden. Therefore, Plaintiffs' motion for conditional certification of their collective action should be denied.

C. **Plaintiffs Are Not Representative of Pennsylvania Banquet Employees.**

Plaintiffs include Pennsylvania banquet employees in their collective action. Only Matusky and Stahl worked at Avalon Country Club at Sharon, Inc., which is located in Pennsylvania. Kerr never worked at Avalon Country Club at Sharon, Inc. during the relevant time period. (Id. at ¶ 43). As a result, he cannot fairly represent a class of Pennsylvania banquet employees.

Stahl and Matusky worked there twice. (Id. at ¶ 44). The first time, they were paid the minimum wage. (Id.). The second time, they received a tip and Avalon took a tip credit on their work. (Id.). Because of their limited exposure, however, Stahl and Matusky cannot have sufficient knowledge to claim that they are similarly situated to Avalon's Pennsylvania banquet employees. Therefore, even if Defendants' Motion for Summary Judgment is denied and Plaintiffs are entitled to conditional certification at this point in this case, their conditional certification should not include banquet employees working at the Avalon Country Club at Sharon, Inc., which is located in Pennsylvania.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiffs' Motion for Conditional Certification should be denied. Plaintiffs' do not have a viable FLSA claim and, thus, cannot be representative of other similarly situated banquet employees. Further, Plaintiffs' evidence supporting conditional certification consists of bare allegations and contradictory declarations despite having months of discovery. They have failed to carry their burden of establishing that this matter is appropriate for conditional certification.

In the event the Court determines that conditional certification is warranted, which it is not, Plaintiffs' proposed class should not include employees of Avalon's Pennsylvania location.

Respectfully Submitted,

/s/ Anastasia J. Wade
Christopher J. Carney (0037597)
Anastasia J. Wade (0082797)
BROUSE McDOWELL
600 Superior Avenue East

13

        Suite 1600
Cleveland, Ohio44114
Phone: (216) 830-6830
Fax: (216) 830-6807
E-mail: ccarney@brouse.com
        awade@brouse.com


Peter B. Grinstein (0029030)
BROUSE MCDOWELL
6550 Seville Drive, Suite B
Canfield, Ohio 44406
Tele:   (330) 533-6195
Fax:   (330) 533-6198
Email: pgrinstein@brouse.com

*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE WITH LOC. R. 7(f)

    I hereby certify that this memorandum adheres to the page limitations set forth in Local Rule 7.1(f) for standard track cases.

                       /s/ Anastasia J. Wade

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of March, 2018, a true and correct copy of the above and forgoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                Respectfully submitted,

                /s/ Anastasia J. Wade