PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JESSICA MATUSKY, *et al.*, | ) |
|       Plaintiffs, | ) CASE NO. 4:17CV1535 |
| v. | ) JUDGE BENITA Y. PEARSON |
| AVALON HOLDINGS CORPORATION, *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION AND ORDER** |
|       Defendants. | ) [Resolving ECF No. 32] |

Pending before the Court is Plaintiffs Jessica Matusky, John Stahl, and Zackary Kerr's Motion for Conditional Certification and Court-Authorized Notice (ECF No. 32). Plaintiffs move the Court to conditionally certify the case at bar as an FLSA collective action and direct that notice be sent by U.S. mail and email to similarly situated persons ("Potential Opt-Ins") defined as:

> All present and former hourly banquet employees of Defendants during the period of three years preceding the commencement of this action to the present for whom Defendants took a tip credit.

ECF No. 32 at PageID #: 448. The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons set forth below, the motion is granted.

## I. Stipulated Facts and Background

In July 2017, Plaintiff Jessica Matusky brought this (1) collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for minimum wage pay and (2) class

action under the Ohio Minimum Fair Wage Standards Act and Pennsylvania Minimum Wage Act for minimum wage pay. ECF No. 1. An Amended Collective Action Complaint (ECF No. 31-1), which adds Opt-in Plaintiffs John Stahl and Zackary Kerr, was deemed served and filed as of February 22, 2018. *See* Order (ECF No. 36). The Amended Collective Action Complaint (ECF No. 31-1) alleges additional facts obtained through discovery and reflects depositions which concluded on February 8, 2018. The amended pleading also reduces the number of allegations and claims at issue by removing the Fed. R. Civ. P. 23 class action allegations entirely. It narrows the focus of the case at bar to tip credit violations, already alleged in the Complaint (ECF No. 1), for both regular and overtime hours. It further restricts the class definition to the tipped banquet servers at Defendants' four banquet facilities in Ohio and Pennsylvania based on the testimony of Avalon Holding's designated Rule 30(b)(6) representative that there are other tipped employees employed elsewhere in Defendants' organization. Plaintiff's FLSA claims are based on their allegations that Avalon improperly takes a tip credit the day of an event for work they perform before and after the banquet or party. Plaintiffs assert that, during those times, the duties they perform are non-tipped duties and that work takes up more than 20 percent of their workweek.

The stipulated facts[1] are as follows:

1. In the three-year period preceding the filing of the Complaint (ECF No. 1) in the above-entitled action, Defendants employed approximately 242 people as banquet servers, banquet bartenders, and banquet bussers.

---

[1] *See* Joint Stipulations of Fact (ECF No. 30).

(4:17CV1535)

2. Plaintiff Jessica Matusky worked for Defendants Avalon Holdings Corporation, Avalon Resort and Spa, LLC, Avalon Golf and Country Club, Inc., and Avalon Country Club at Sharon, Inc. (collectively, "Defendants")[2] as a banquet server, a banquet bartender, and as a set-up person from October 2014 to April 2017.

3. While working as a banquet server, Ms. Matusky was paid at a rate of $6.50 per hour and Defendants used a tip credit to make up the difference between that rate and the minimum wage.

4. While working as a banquet bartender, Ms. Matusky was paid at a rate of $4.05 or $4.08 per hour, depending upon the Ohio minimum wage then in effect, during the time she worked for Defendants and the defendants used a tip credit to make up the difference between this rate and the minimum wage.

5. Opt-in Plaintiff John Stahl worked for Defendants as a banquet server or busser and a set-up person from May, 2015 to May, 2017.

6. While working as a banquet server or busser, Mr. Stahl was paid at a rate of $6.50 per hour and the Defendants used a tip credit to make up the difference between that rate and the minimum wage.

7. Opt-in Plaintiff Zachary Kerr worked for Defendants in various positions, including banquet server and banquet bartender from November, 2014 to present.

---

[2] Defendant Ronald Klingle is the Chairman and CEO of Avalon Holdings Corporation and CEO of a number of the subsidiaries. Deposition of Ronald Klingle (ECF No. 28-1) at PageID #: 324-25, Pgs. 8-9.

(4:17CV1535)

8. While working as a banquet bartender, Mr. Kerr was paid at a rate of $4.05 or $4.08 per hour, depending upon the Ohio minimum wage then in effect, during the time he worked for Defendants and the defendants used a tip credit to make up the difference between this rate and the minimum wage.

Defendants' time-clock system permits employees to clock in and out under different categories of work, including banquet server, banquet busser, banquet bartender, and set-up. Declaration of Ronald Klingle (ECF No. 39-1) at PageID #: 517, ¶¶ 28-29. If an employee clocked in under set-up on the day before or after an event, they would be paid the applicable minimum wage rate. ECF No. 39-1 at PageID #: 517, ¶ 30.

## II. Legal Standard

Under the FLSA, one or more employees may bring an action against an employer "for and in behalf of himself and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Albright v. Gen. Die Casters, Inc.*, No. 5:10CV0480, 2010 WL 6121689, at *1 (N.D. Ohio July 14, 2010) (Gwin, J.) (citing 29 U.S.C. § 216(b)). "Similarly situated persons are permitted to 'opt into' the suit. This type of suit is called 'collective action.' It is distinguished from the opt-out approach utilized in class actions under Fed. R. Civ. P. 23." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

The Court of Appeals for the Sixth Circuit has "implicitly upheld a two-step procedure for determining whether a FLSA case should proceed as a collective action." *Heibel v. U.S. Bank*

4

(4:17CV1535)

*Nat'l Ass'n*, No. 2:11-CV-00593, 2012 WL 4463771, at *2 (S.D. Ohio Sept. 27, 2012) (citing *In re HCR ManorCare, Inc.*, No. 113866, 2011 WL 7461073, at *1 (6th Cir. Sept. 28, 2011)) (further citation omitted); *see also Cox v. Entertainment U.S.A. of Cleveland, Inc.*, No. 1:13CV2656, 2014 WL 4302535, at *1 (N.D. Ohio Aug. 29, 2014) (Nugent, J.). "The first [phase] takes place at the beginning of discovery. The second occurs after all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546 (quotation marks and citations omitted).

At the first step, the plaintiff bears the burden of showing that the employees in the class are "similarly situated." *Id.* at 546. To satisfy this burden at this initial notice stage, the plaintiff must only "make a modest factual showing" that she is similarly situated to the other employees she is seeking to notify. *Id.* 547 (citation omitted). The standard at the notice phase is "fairly lenient . . . and typically results in 'conditional certification' of a representative class [.]'" *Id.* at 547 (quoting *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp.2d 493, 497 (D.N.J. 2000)) (further citation omitted).

When some discovery has been conducted prior to certification, some Sixth Circuit courts have held plaintiffs to a slightly increased modest "plus" standard, "compar[ing] Plaintiffs' allegations set forth in their Complaint with the factual record assembled through discovery" to assess the likelihood that a similarly situated class exists. *Creely v. HCR ManorCare, Inc.*, 789 F. Supp.2d 819, 827 (N.D. Ohio 2011) (Zouhary, J.). At an intermediate phase, the court still utilizes a lenient standard, but requires that the plaintiffs "have shown some progress as a result

5

(4:17CV1535)

of the discovery as measured against the original allegations and defenses." *Id.* A full analysis of the merits of all parties arguments takes place later, during the stricter second phase review.

### III. Analysis

Plaintiffs move the Court to conditionally certify this case as a FLSA collective action pursuant to 29 U.S.C. § 216(b) and direct that notice be sent to similarly situated employees enabling them to opt-in to this lawsuit. Defendants make three arguments in opposition to Plaintiffs' motion. Defendants suggest first that the Court should grant Defendants' Motion for Summary Judgment (ECF No. 40), and, therefore, Plaintiffs do not have a viable claim. Defendants next argue that Plaintiffs have failed to provide sufficient evidence that a similarly situated class exists. Finally, Defendants argue that, even should the Plaintiffs' motion for conditional certification be granted, the named Plaintiffs do not adequately represent employees working at Avalon Country Club at Sharon, Inc. in Pennsylvania.

#### A. Viability of Plaintiffs' FLSA Claims

Defendants assert that Plaintiffs must necessarily have a viable FLSA claim to represent a similarly situated class. Defendants argue that Plaintiffs do not have a viable FLSA claim, and therefore, summary judgment should be granted in Defendants' favor.

Defendants' argument here is misplaced. The merits of Defendants' motion for summary judgment are properly addressed in a ruling on that separate filing. In considering a motion for conditional certification, even under a modest "plus" standard, "the court's analysis is confined to evaluating whether the proposed class is 'similarly situated' and does not touch upon the merits of plaintiff's claims." *Boyd v. Schwebel Baking Co.*, No. 4:15CV0871, 2016 WL

(4:17CV1535)

3555351, at *4 (N.D. Ohio June 30, 2016) (Lioi, J.) (quoting *Creely*, 789 F. Supp.2d at 826). Moreover, under the modest "plus" factual showing applicable here, "a district court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Id.* at *3 (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)).

### B. Sufficiency of the Evidence

The Sixth Circuit has held that establishing the similarly situated standard does not necessitate showing a "unified policy" of violations. *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663 (2016). In *Monroe v. FTS USA, LLC*, 860 F.3d 389 (6th Cir. 2017), the Court of Appeals found that the cable technicians were similarly situated due to their type of work and a company-wide policy even though they were employed at multiple profit centers and under multiple managers. *Id.* at 402.

Defendants' own court filings undermine their argument that Plaintiffs have failed to meet their burden to support the existence of a similarly situated class. Defendants argue both that Plaintiffs have failed to submit evidence beyond self-serving affidavits and that Plaintiff's declarations contradict their depositions. The Court need not rely on Plaintiffs' exhibits, however, as Defendants' own filings suggest the existence of a similarly situated class. Defendant Ronald Klingle declares that Avalon pays minimum wage to employees who work set-up on the days before an event. Supplemental Declaration of Ronald Klingle (ECF No. 44-1) at PageID #: 631, ¶ 11. This is in contrast to employees who help set-up and take-down the day of the event, for whom Avalon pays either server or bartender wages, and claims a tip credit. ECF

7

(4:17CV1535)

No. 39-1 at PageID #: 515-16, ¶¶ 18-21. Mr. Klingle also declares that employees working as servers or bartenders on the day of an event would be expected to clock in and "are typically scheduled to work two hours prior to the start of an event until a little after the event." ECF No. 39-1 at PageID #: 517, ¶ 26. Defendants' broad statements describe a policy which applies to all employees, which is not limited to Plaintiffs herein. The Court need not rely on Plaintiffs' testimony, but will accept the declarations made by Mr. Klingle to find that it is likely a class of similarly situated employees exists.

### C. Representation of Pennsylvania Employees

Finally, Defendants argue that Plaintiffs do not have sufficient knowledge as to the similarity of the employees located at Defendants' Pennsylvania location, Avalon Country Club at Sharon, Inc., because Plaintiffs Jessica Matusky and John Stahl only worked there twice, and Plaintiff Zackary Kerr was never employed at that location. As above, however, Mr. Klingle's declarations were not limited to the running of Avalon's Ohio locations, but described a general policy for payment. Though the facts may vary slightly, the basis of the claim does not vary from state to state. Therefore, the Court will not exempt Avalon's Pennsylvania employees from the conditional certification.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice (ECF No. 32) is granted.

The Court directs the parties to meet and confer in good faith for the purpose of negotiating the language of the notice that is to be issued to the proposed collective and the

8

(4:17CV1535)

procedure for issuing the notice.  If they are able to agree upon the form of the notice, within 10 days of the date of this Memorandum of Opinion and Order, the parties shall submit a joint proposed notice for the Court's final approval.  If the parties are unable to agree, Plaintiffs shall submit a notice and any objections remaining after conference shall be indicated by Defendants in a redlined version showing its proposed alterations.  Thereafter, the Court will resolve the conflict.  The Court further directs that, within 30 days of the approval of the form of the notice by the Court, said notice shall be sent to all potential collective members.

At a later date, the Court will separately issue a ruling on Defendants' Motion for Summary Judgment ([ECF No. 40](#)).

      IT IS SO ORDERED.

 September 28, 2018                              */s/ Benita Y. Pearson*
Date                                      Benita Y. Pearson
                                            United States District Judge